# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TIMOTHY BURLEY,  )
)
Plaintiff,  )
)
v.  ) C.A. No. N19C-07-001 DJB
)
GERALD BENSON-SEENEY & KIANA  )
WATSON,  )
Defendants.  )

Decided: December 3, 2021

## DECISION AFTER TRIAL

TIMOTHY BURLEY, *Plaintiff, pro se.*

GERALD BENSON-SEENEY, Defendant, *pro se*
KIANA WATSON, Defendant, *pro se*

**BRENNAN, J.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a breach-of-contract action through which Plaintiff Timothy Burley (hereinafter "Burley") seeks damages from Defendants Gerald Seeney-Benson (hereinafter "Seeney-Benson") and Kiana Watson (hereinafter "Watson") (collectively, "Defendants"), for the latter's failure to pay the amount owed pursuant to the contract for sale of a house located at 2236 North Pine Street, Wilmington, Delaware 19802 (hereinafter "the Pine Street home").[1]

On March 3, 2017, the parties engaged in a contract for the sale of the Pine Street home in the amount of Forty Thousand Dollars ($40,000.00), with the agreement that a Five Thousand Dollar ($5,000.00) down payment would be made initially and then payments of Six Hundred and Fifty Dollars ($650.00) would be made in each consecutive month until the total sale amount was paid in full.[2] Per the contract, a breach would occur if Defendants were to fall behind sixty (60) days in payments, and if that occurred, Burley would be able to seek repossession of the

---

[1] Compl. ¶¶ 1-6, July 1, 2019 (D.I. 1). While the *pro se* Complaint does not specify the cause of action, the Court, after hearing the testimony and reading the filings in this case, has determined this to be a breach of contract action. *Browns v. Saunders*, 2001 WL 138497, at *1 (Del. Feb. 14, 2001) ("As a general rule, we interpret pleading requirements liberally where the plaintiff appears *pro se*."

[2] *Id.* ¶ 1; *see also* Trial Testimony pp. 25-27; Plaintiff Exhibit 1.

property.[3]  At the time the agreement was signed, the contract, which was incorporated into the deed for the Pine Street Home, was recorded with the Recorder of Deeds in and for New Castle County.  At that point, title to the Pine Street home transferred to the Defendants.[4]

The initial payment pursuant to the contract was made only by Defendant Watson in the amount of the $5,000.00 on March 2, 2017,[5] and Defendant Watson, solely, continued to make the successive monthly payments pursuant to the contract of $650.00 until June 2018.[6]  Thereafter, Defendant Watson made partial payments in July, August and September, 2018.[7]  Thereafter, no payments have been made by either Defendant.[8]  It is undisputed that all payments were made by Defendant Watson and at no point did Defendant Seeney-Benson contribute financially to any of the payments under the contract.[9]  As of the date of trial, Defendants were $19,833.00 in arrears.[10]

---

[3] Plaintiff Exhibit 1/Exhibit A to Complaint. (D.I. 4), *see also* Trial Testimony p. 26.
[4] Trial Transcript, p. 34
[5] Trial Transcript p. 31
[6] Trial Transcript p. 53
[7] *See* Plaintiff Exhibit 1, p. 3.
[8] Compl. ¶¶ 80-82, July 12, 2019 (D.I. 1), Trial Transcript, p. 53.
[9] Trial Transcript p. 51-53, 66-68
[10] Trial Transcript p. 50

Plaintiff filed the instant lawsuit, seeking to repossess the Pine Street home following failed attempts to resolve the issue outside of court involvement.[11] A bench trial was held on August 30, 2021, where each party represented themselves. The Court reserved decision and allowed parties to submit post-trial exhibits, at their request. This is the Court's decision.

## II. THE TRIAL

The Court conducted a one-day bench trial.[12] During trial, the Court heard from and considered the testimony of the following witnesses: Timothy Burley, Gerald Seeney-Benson and Kiana Watson. The parties also each submitted respective exhibits, most of which were admitted without objection and are cited herein by their given trial designations. The case was deemed fully submitted for decision after the parties submitted their post-trial documents to supplement the

---

[11] *Id.* An initial lawsuit was filed by Plaintiff in the Justice of the Peace Court #13 as a landlord/tenant eviction action, however, following a three-judge panel review, it was determined that this was not a landlord/tenant action and the Justice of the Peace Court did not have proper jurisdiction to hear the case. At that hearing, Defendant Watson appeared, as well as Plaintiff, however Defendant Seeney-Benson failed to either Answer the Complaint or appear at the hearing. The case was then appealed to the Court of Common Pleas, at which time it was likewise dismissed, for a want of jurisdiction.

[12] Before the trial began, the Court inquired into each party's *pro se* status and whether each party fully understood what it meant to proceed at trial *pro se*. Following that discussion, each party represented to the Court that it was their intention to proceed to trial *pro se*. Trial Transcript at 17-20.

record on the issue of whether the water bill and/or tax bill had been paid at the time of making the contract for the Pine Street home.[14]

## III. FINDINGS OF FACT

It is difficult at times in the trial of certain actions to fully and cleanly segregate findings of fact from conclusions of law. To the extent any one of the Court's findings of fact here might be more appropriately viewed as a conclusion of law, that finding of fact may be considered the Court's conclusion of law on that point.[15]

### A. THE EXISTENCE OF A CONTRACT.

It is undisputed by all parties that a valid contract for the sale of the Pine Street Home existed.[16] Neither during the responsive pleadings or at any time during the trial, did any party contest the validity of the contract at issue. In fact, each Defendant, in their respective testimony, specifically stated that they agreed that there was a valid contract and that Plaintiff was correct in his recitation of the terms of the agreement.[17] Additionally, both Defendants acknowledged that the remedy for breach of this contract was that Plaintiff would seek immediate possession of the

---

[14] D.I. 76.
[15] *See Facchina Constr. Litigs.*, 2020 WL 6363678, at *2 n.12 (Del. Super. Ct. Oct. 29, 2020) (collecting authority).
[16] *Id*. at 121-22, 197.
[17] Trial Transcript p. 77-78; 114

property.[18]

Therefore, the Court finds that a valid contract existed, and the terms were as follows: Defendants were to pay a total of $40,000 for the Pine Street Home by paying an initial $5,000 down payment to Plaintiff. Thereafter, Defendants were to pay monthly, in the amount of $650.00. Defendant Watson paid the down payment at the time the contract was recorded.. Thereafter, Defendant Watson satisfied the terms by paying the agreed upon monthly payments until September, 2018.

## B. BREACH OF CONTRACT.

It is uncontested that the contract has been breached insofar as Defendants both admit that there has been no payment since September, 2018. Defendant Seeney-Benson testified that he was aware the deed was in his name and consulted with an attorney about that fact and decided to stop making payments because the house was already deeded to him.[19] Defendant Watson testified that she was the sole person making payments according to the contract until September 2018, despite her having moved out of the house in June 2018.[20] When Defendant Watson could no longer afford to make the payments for the house, she stopped making payments as she was no longer living there and she and Defendant Seeney-Benson had orally agreed that

---

[18] Trial Transcript, p. 117.
[19] Trial Transcript, p. 89.
[20] Trial Transcript, p. 67.

he would take over payments.[21]  He failed to do so.  There is no evidence in the record that Defendant Seeney-Benson ever made a payment towards the house, nor that he denied being in breach.

## IV. GENERAL LEGAL PRINCIPLES

Though the Court sits without a jury, it has applied the same principles of law in its deliberations and consideration of each individual claim and counterclaim that it would have more formally instructed a jury to follow.  The Court may highlight here some of those that are most applicable to this particular case.  But the fact that some particular point or concept may be mentioned here should not be regarded as any indication that the Court did not—during its deliberations—consider all legal principles applicable to this case and to the parties' claims and counterclaims.

In reaching its verdict, the Court has examined the joint exhibits submitted and considered the testimony of all witnesses, both direct and cross.  The Court has also considered the applicable Delaware case law that has defined the legal precepts applicable to the claims and defenses the parties have forwarded.  The Court has applied the Delaware Rules of Evidence to the testimony and exhibits and only used for its deliberation that which would be allowed under those rules—consistent with the Court's knowledge of those rules and the specific rulings that may have been made and articulated both pre-trial, during the trial proceedings, and post-trial.  And,

---

[21] Trial Transcript, pp. 68-70

of course, the Court has considered each party's respective arguments on the weight to be accorded the testimony and evidence.

The Court then reviewed and applied the very instructions that it would give a jury in these circumstances.[22]

Here, Burley carries the burden of proof by a preponderance[23] of the evidence on the only claim, Count I (Breach of Contract), in his Complaint.

## V. FINDINGS AND VERDICT

"To recover on a breach[-]of[-]contract claim, a party must prove the existence of an enforceable contract; the party performed or was ready to perform; that the other contracting party failed to perform; and that the failure to perform caused damages."[24] The parties agree they had a valid contract. The parties additionally agreed that the contract, at one point in time, had been performed by all parties. Last, the parties all agree that the Defendants eventually breached the

---

[22] *See, e.g.,* Del. Super. Ct. Civ. Pattern Jury Instr. 4.1 (Burden of Proof by a Preponderance of the Evidence); *id.* at 4.2 (Evidence Equally Balanced); *id.* at 23.1 (Evidence—Direct or Circumstantial); *id.* at 23.9 (Credibility of Witnesses—Weighing Conflicting Testimony); *id.* at 23.10 (Expert Testimony).

[23] *See e.g.,* *Reynolds v. Reynolds*, 237 A.2d 708, 711 (Del. 1967) (defining preponderance of the evidence); *accord Oberly v. Howard Hughes Med. Inst.*, 472 A.2d 366, 390 (Del. Ch. 1984).

[24] *Gerstley v. Mayer*, 2015 WL 756981, at *5 (Del. Super. Ct. Feb. 11, 2015) (citing *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003)).

contract by failing to carry out their performance in full and stopped making monthly payments in full.

The only real issue of contention at trial was whether the taxes and water bill were paid in full at the time the contract was signed and deed was filed with the Recorder of Deeds. Each side presented multiple exhibits attempting to show that payment was either made or not made. The Court even allowed the parties additional time, post-trial, to submit certified documentation from the New Castle County Recorder of Deeds showing what the balance for taxes and water was at the time the contract was made. Despite both Plaintiff and Defendant Seeney-Benson submitting additional paperwork, none of the paperwork submitted conformed to the Court's request. However, the Court finds that issue to be irrelevant, as the Court finds that the complete contract was contained in Plaintiff's Exhibit 1 and was filed with the Recorder of Deeds. This is the document that all parties agreed controlled, all parties testified that this document contained the entire agreement and this is the document that binds all parties. And nowhere in this document was there mention of water and taxes being paid either at the initial signing of the contract or during the pendency of the contract. Therefore, the fact that the parties now disagree as to whether these bills were paid at the time of the contract is irrelevant to the matter at hand.

The contact at issue binds all parties, as well as dictating damages in the event

of a breach. Plaintiff fully performed his portion of the contract – the property was turned over to Defendants. Defendants breached the contract. The contract is unambiguous: should non-payment occur for 60 consecutive days, the Defendants will be considered to be in breach and the Plaintiff will seek re-possession. It is uncontested here that a breach occurred. Currently, Defendant Seeney-Benson is the only Defendant occupying this property and is the only Defendant who has never paid any money towards this property.

## A. DECLARATORY JUDGMENT ACTION FOUND.

Plaintiff filed this complaint *pro se*, and as such this Court will give a liberal reading to the filings and remedies sought.[25] Therefore, the Court interprets Plaintiff's complaint to not only be a breach of contract one, but an action sought under the Declaratory Judgment Act (hereinafter "DCA") pursuant to Title 10 of the Delaware Code, Chapter 65. As such, it is clear in this case that an actual controversy exists: there was a contract, there was a breach by Defendants and

---

[25] *See Vick v. Haller*, Del. Supr., No. 149, 1986 Christi, C.J. (March 2, 1987) (ORDER) "A pro se complaint, however inartfully pleaded, may be held to a somewhat less stringent technical standard that formal pleadings drafted by lawyers."; *see also Williams v. Auto Zone*, 2013 WL 6662859, at *5 (Super. Dec. 16, 2013), citing *Browns v. Saunders*, 2001 WL 138497, at *1 (Del. Feb. 14, 2001) ("As a general rule, we interpret pleading requirements liberally where the plaintiff appears *pro se*.").

Defendant Seeney-Benson has refused to remit the property per the contract terms.[26] Further, this controversy justifies the triggering of the DCA, as Plaintiff has made a claim demanding the property and back monies owed while Defendant Seeney-Benson was unjustly staying in the property. Defendant Seeney-Benson denies Plaintiff is entitled to such relief.[27]

## B. JURISDICTION PROPER IN SUPERIOR COURT.

Last, the Court finds jurisdiction proper in Superior Court, as this breach of contract action is akin to a mortgage foreclosure, despite the claims equitable nature here, and as such, Superior Court is vested with jurisdiction to not only hear this case, but award equitable damages.[28] Additionally, the Court finds that Defendant Seeney-Benson has been unjustly enriched by his occupation of the Pine Street Home well after the breach of contract and his continued failure to pay Plaintiff according to the contract terms. Superior Court likewise has jurisdiction over awarding monetary, compensatory damages as a result of this finding of unjust enrichment, as it is a remedy at law.[29]

---

[26] An "Actual Controversy" is a jurisdictional pre-requisite in any action brought under the Declaratory Judgment Act. *See Marshall v. Hill*, 93 A.2d 5 (Del. Super. 1952); *Clemente v. Greyhoun Corp.*, 155 A.2d 223 (Del. Super. 1959).

[27] *See Clemente v. Greyhound Corp.*, 155 A.2d at 321.

[28] *Ocwen Loan Servicing, LLC. v. SFJV-2002-1, LLC., et. al.*, 2011 WL 2175995 at *1 (Del. Super. 2011), citing *Burge v. Fidelity Bond and Mortgage Co.*, 648 A.2d 414, 421 (Del. 1994).

[29] *Ocwen Loan Servicing, LLC. V. SFJV-2002-1, LLC., et. al.*, 2001 WL 2175995 at *2. Blacks Law Dictionary defines compensatory damages as "Damages

## C. DAMAGES AWARDED.

As a result of the above findings of facts, the Court is awarding damages as follows:

1. The Deed executed on March 3, 2017, and filed with the Record of Deeds for the Pine Street Home (Parcel No. 26-029.20-264) is ORDERED voided as a result of the breach of the contract. The transfer of the Pine Street Home was conditioned on the payment of the monthly payments of $650.00 until the full $40,000 sale price was satisfied. That did not occur. Therefore, the Deed transferring the property is HEREBY VOID and the Recorder of Deeds shall so note and re-instate the original Deed for Parcel No. 26-029.20-20-264 that was in effect prior to the March 3, 2017, filing.

2. Compensatory Damages are being awarded to Plaintiff for the time period that Defendants occupied the Pine Street Home without proper payment to Plaintiff. The Court only has documentation before it that there was a payment of $325.00 on July 27, 2018, a payment of $167.00 n August 11, 2018, and a final payment of $125.00 on September 21, 2018.[30] Based on the parties' testimony, the Court finds (and all parties agreed) that there were no further payments following Defendant Watson's September 21,

---

sufficient in amount to indemnify the injured person for the loss suffered." Blacks Law Dictionary (11[th] ed. 2019).

[30] Plaintiff Exhibit 1, page 3 – admitted without objection.

2018, payment.[31] Therefore, the Court is awarding payment in the amount of $1,333.00 for the moths of July through September, 2018, and the full $650.00 for every month thereafter that Defendant Seeney-Benson has occupied the property without remittance of payment. That final amount will be determined upon the date of Defendant Seeney-Benson's departure from the Pine Street Home. Within twenty (20) days of him vacating the property and turning over possession to Plaintiff, Plaintiff is to submit documentation to the Court for a final calculation and Order of damages. These damages are to be paid by Defendant Seeney-Benson, as the evidence shows and the Court so finds that Defendant Watson has not occupied the Pine Street Home in a meaningful way since June, 2018, and was no longer in possession of the property.

3. The Court is not awarding damages with respect to the payment of water bills or taxes during the pendency of the contract and ensuing breach, as the contract is devoid of any language with respect to the responsibilities and payments of those funds and the Court will not now include any such provisions or obligations.

4. Defendant Seeney-Benson acknowledged, and the Court so finds it to be fact, that he was aware he was in breach, but decided to remain in the

---

[31] *Id.*

property because the Deed was in his name. Therefore, the Court finds it appropriate for Plaintiff to be awarded the costs of this litigation. Plaintiff was *pro se*, so there is no need for an award of attorney's fees, however, costs (including but not limited to filing fees) of this litigation are to be awarded to Plaintiff.

5. Defendant Watson, who was the only defendant to have ever paid in accordance with the contract and is no longer occupying the Pine Street Home, is accordingly not ordered to pay damages or costs, as she has not been unjustly enriched from the prolonged occupation of this property. She is, however, no longer legally entitled to occupy the Pine Street Home.

## VI. CONCLUSION

Therefore, the Court finds that a breach occurred and the above damages proper. Defendant Seeney-Benson must immediately vacate this property and the deed filed on March 3, 2017, will be ORDERED VOIDED due to the breach. Compensatory damages in an amount to be determined upon a showing of when Defendant Seeney-Benson has vacated the property.

## VII. VERDICT AND JUDGMENT

Count I – Breach of Contract: For Plaintiff Burley.

Plaintiff shall, within fifteen (15) days of this Order, submit documentation to the Court for costs and within twenty (20) days of repossessing the Pine Street Home

and a final Order will be issued.

**IT IS SO ORDERED.**

/s/ *Danielle J. Brennan*
Danielle J. Brennan, Judge